| | |
|---|---|
| United States District Court<br>Eastern District of New York | 1:19-cv-00721 |
| Walter Faison individually and on behalf of all others similarly situated<br><br>        Plaintiff<br><br>      - against -<br><br>Russell Stover Chocolates LLC and Ghirardelli Chocolate Company<br><br>        Defendant | <br><br><br><br><br>Complaint |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Russell Stover Chocolates LLC and Ghirardelli Chocolate Company ("defendants") manufacture, package, market, distribute and sell chocolate products (the "Products") to consumers, by third-parties, from brick and mortar stores and online, and sell directly to consumers from stores and their websites.

2. The Products are contained in packaging of various sizes – rectangular, square and bottle boxes, "purse" boxes and standup or tent bags.

3. The Products include 100% Unsweetened Cocoa, Premium and Caramel Chocolate Assortment Squares, Russell Stover Fine Assorted Chocolates, Masterpiece Timeless Collection and Whitman Sampler Assorted Chocolates.

4. Despite the differences in the sizes of the various containers and the names of the Products, they are alike in that their packaging is predominately empty.

5. This is accomplished through the large void spaces which comprise most of the packaging interior around the actual few items contained therein.

6. The products' packaging contains void space not visible to consumers, causing them to believe the chocolate contents filled all, most, or more of the packaging then they actually did.

7. Defendants possessed information that was not prominent, definite and conspicuous, and was contrary to the guidelines established by the National Institute of Standards and Technology (NIST) Handbook for measurement of the weight of the Products

8. The Products were packaged in non-conforming type packages which contained extra space by volume and/or sidewalls in the interior of the package.

9. The sidewalls and volume provided no benefit to the contents of the packaging and only served to mislead consumers.

10. The packaging was constructed so they could be formed and filled such that the reasonable consumer would be misled as to the quantity and/or amount of its contents.

11. The containers misstated the correct weight and height of the Products as indicated on the front of the packaging.

12. The Products contain other representations which are misleading and deceptive.

13. Excluding tax, the Products cost no less than $2.99, a premium price compared to other similar products.

Jurisdiction and Venue

14. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

15. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

16. This court has personal jurisdiction over defendants because they conduct and transact business, contract to supply and supply goods within New York.

17. Venue is proper because plaintiff and many class members reside in this District and

defendants do business in this District and in New York.

18. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

19. Plaintiff is a citizen of Queens County, New York.

20. Defendant Russell Stover, LLC is a Missouri limited liability company with no member thereof a citizen of New York.

21. Defendant Ghirardelli Chocolate Company is a California corporation with a principal place of business in San Leandro, California.

22. In 2016, 2017 and/or 2018, plaintiff purchased one or more Products for personal consumption, for no less than $2.99 per product, excluding tax, within this district and/or State.

23. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

24. Plaintiff would purchase the Products again if there were assurances that the Products' representations were no longer misleading.

## Class Allegations

25. The classes consist of all consumers in the following states: <u>all</u>, <u>New York</u> who purchased any Products with actionable representations during the statutes of limitation.

26. A class action is superior to other methods for fair and efficient adjudication.

27. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

28. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members

are entitled to damages.

29. Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

30. Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

31. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

32. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

33. Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

34. Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350

35. Plaintiff incorporates by references all preceding paragraphs.

36. Defendants' representations are false, unfair, deceptive and misleading

37. Defendants' acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

38. Plaintiff desired to purchase products which contained more chocolate items than were actually within the packaging and was reasonably expected based on the height, weight and other indicia.

39. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

## Negligent Misrepresentation

40. Plaintiff incorporates by references all preceding paragraphs.

41. Defendants misrepresented the quantity of the Products.

42. Defendants had a duty to disclose and/or provide non-deceptive packaging and labeling of the Products and knew or should have known same were false or misleading.

43. This duty is based, in part, on defendants' outsized role in the consumer chocolate market and the knowledge that consumers were not able to individually examine or shake the packaging to ascertain the excessive non-functional slack fill.

44. Defendants negligently misrepresented and/or negligently omitted material facts.

45. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

46. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

47. Plaintiff incorporates by references all preceding paragraphs.

48. Defendants manufacture, label and sell chocolate products packaged and labeled in a way to prevent consumers from realizing the contents of the packaging are less than represented to be.

49. Defendants warranted such attributes to plaintiff and class members, when this was not truthful and was misleading.

50. The Products did not conform to their affirmations of fact and promises, wholly due to defendants' actions.

51. Plaintiff and class members relied on defendant's claims, paying more than they would have.

### Fraud

52. Plaintiff incorporates by references all preceding paragraphs.

53. Defendants' purpose was to mislead consumers who seek quick convenient purchases of packaged chocolate products for personal consumption and use, and knew consumers were incapable of ascertaining the deceptive packaging without having purchased the Products.

54. Defendant's intent was to secure economic advantage in the marketplace against competitors.

55. Plaintiff and class members observed and relied on defendants' packaging and claims, causing them to pay more than they would have, entitling them to damages.

### Unjust Enrichment

56. Plaintiff incorporates by references all preceding paragraphs.

57. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;

4. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated: February 5, 2019

        Respectfully submitted,

        Sheehan & Associates, P.C.
        /s/Spencer Sheehan
        Spencer Sheehan (SS-8533)
        505 Northern Blvd., Suite 311
        Great Neck, NY 11021
        (516) 303-0552
        spencer@spencersheehan.com

        Levin-Epstein & Associates, P.C.
        Joshua Levin-Epstein
        1 Penn Plaza, Suite 2527
        New York, NY 10119
        (212) 792-0046

1:19-cv-00721
United States District Court
Eastern District of New York

Walter Faison individually and on behalf of all others similarly situated

Plaintiff

- against -

Russell Stover Chocolates LLC and Ghirardelli Chocolate Company

Defendants

Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: February 5, 2019

/s/ Spencer Sheehan
Spencer Sheehan